1    **Benjamin R. Trachtman, Esq. [SBN 137458]**
       btrachtman@trachtmanlaw.com
2    **Kelli A. Trachtman, Esq. [SBN 136888]**
       **TRACHTMAN & TRACHTMAN, LLP**
3    **19732 MacArthur Boulevard, Suite 100**
       **Irvine, CA 92612**
4    **Telephone: (949) 282-0100**
       **Facsimile: (949) 282-0111**

5

6    Attorneys for Defendant TARGET CORPORATION

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11    BELAID BENAOUDIA,           **CASE NO.:**

12           Plaintiff,

13       vs.                  **NOTICE OF REMOVAL OF**
                                 **ACTION UNDER 28 U.S.C. § 1441(b)**
14                                   **(DIVERSITY)**

15    TARGET CORPORATION, and
16    DOES 1 through 100, inclusive,

17          Defendants.

18

19

20       TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT

21    OF CALIFORNIA:

22       Defendant TARGET CORPORATION notices the removal of this action to

23    the United States District Court, and, in support thereof, states as follows:

24       1. On July 8, 2020, Plaintiff BELAID BENAOUDIA

25    ("BENAOUDIA") filed an action in the Superior Court of the State of California,

26    in and for the County of Orange (Case No. 30-2020-01150791-CU-PO-CJC)

27    entitled "Belaid Benaoudia, Plaintiff vs. Target Corporation, and DOES 1 through

28    100, inclusive, Defendants." Notably, TARGET CORPORATION is the proper

name of Defendant given said entity is the sole possible Defendant owner and/or operator of the subject premises where Plaintiff BELAID BENAOUDIA claims to have sustained injuries.

2.     Service of the Summons and Complaint upon TARGET was made by personal service on November 6, 2020.

3.     No further proceedings have occurred in the matter now pending before the Orange County Superior Court.

4.     TARGET is and was at the time this action was commenced, a corporation incorporated in the State of Minnesota with its principal place of business in that State.  Defendant has confirmed that Plaintiff is a resident and citizen of the State of California.  There is now, and there was at the time of the commencement of this action, complete diversity between Plaintiff and Defendant.

5.     TARGET is a corporate citizen of Minnesota.  If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).  TARGET has been incorporated in Minnesota throughout its existence, and has maintained control of its far-flung operations from its headquarters in Minneapolis, Minnesota for more than 100 years.   In the recent U.S. Supreme Court case, Hertz Corp. v. Friend, 130 S. Ct. 1181, U.S. (2010), the Supreme Court held that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center" -- the place where the corporations' high-level officers direct, control and coordinate the corporation's activities.  This is usually the corporate headquarters. Applying the "nerve center test" to this case, TARGET'S principal place of business is Minneapolis, Minnesota.  TARGET does not conduct "substantially all" of its business in any single state, nor does TARGET'S business in any single state "substantially predominate" over any

_____
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

1   other.[1] TARGET is a quintessential multistate corporation, with far-flung
2   operations in each of the 50 states, <u>all of which is directed, controlled and</u>
3   <u>coordinated by officers in Minneapolis, Minnesota</u>, without regard to locale, in
4   furtherance of the corporate objective.

5      6. The Complaint alleges claims for Negligence and Premises Liability.
6   Plaintiff prays for the recovery of non-economic damages; for reimbursement of
7   medical, hospital, nursing, attendant and other related expenses; for loss of income
8   and the value of his time; for costs of suit incurred; for prejudgment interest
9   pursuant to Civil Code Section 3291; and for such other relief as the Court deems
10   just and proper, all in an amount according to proof.

11      7. The sum of the damages alleged by Plaintiff BELAID BENAOUDIA
12   necessarily exceed $75,000.00, exclusive of interest and costs, based on the
13   following alleged facts: On or about October 30, 2018, Plaintiff BELAID
14   BENAOUDIA slipped and fell on grapes on the floor, while a guest on
15   TARGET'S premises.

16      8. As a proximate result of the fall, Plaintiff suffered severe pain to his
17   back, hips, left arm and left wrist and presented to the emergency room of Hoag
18   Hospital immediately after the subject fall.  Plaintiff has undergone diagnostic
19   testing and an extended course of physical therapy and chiropractic care, but his
20   pain has persisted.  On May 19, 2019, Plaintiff BELAID BENAOUDIA
21   underwent a neurosurgical evaluation where it was recommended he undergo
22   lumbar epidural injections to help his lumbar arthralgia and potential left sciatica

---

[1] Even if TARGET has relatively extensive sales, employees and assets in California, they do not "substantially predominate" TARGET's business activities, especially when looked at in light of California's relatively high population.  TARGET's business activities in California are of no significance to determining its citizenship. See, Hertz Corp. v. Friend, 130 S. Ct. 1181, U.S. (2010), holding that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center."

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

pain and if the epidural injections failed to relieve Plaintiff's pain, Plaintiff's doctor stated that Plaintiff may be a candidate for a spinal cord stimulator trial.

9.     On or about March 25, 2020, Plaintiff's attorney presented a settlement demand to TARGET outlining Plaintiff's alleged injuries, the medical treatment rendered to him, Plaintiff's prognosis, and Plaintiff's potential need for future medical care, and itemized more than $100,000 in past and future medical care; a loss of earnings claim of $36,000; and offering to settle this matter for the total sum of $150,000.

10.     Based on Plaintiff's settlement demand, each of the above-described components, in and of themselves, justify removal and exceed the $75,000.00 threshold.

11.     In addition to the foregoing, at the time of service of the Summons and Complaint, Plaintiff BELAID BENAOUDIA served his "Statement of Damages" which states the Plaintiff has and/or will sustain damages in excess of $400,000.00. Specifically, the Statement of Damages alleges General Damages (for pain, suffering and inconvenience) in the amount of $250,000 and Special Damages for medical specials to date in the amount of $15,000, future medical expenses of $100,000 and a loss of earnings claim of $40,000. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "D"**.

12.     Because a plaintiff's Statement of Damages can constitute "other paper" within the meaning of section 1446(b) and trigger the thirty-day period for removal, TARGET has the right to remove this matter.  See, e.g., *Brown v. Target Corporation*, 2016 WL 6781100, at *2 (C.D. Cal., Nov. 16, 2016); *Cleveland v. West Ridge Academy*, 2015 WL 164592, at *5 (E.D. Cal. Jan. 13, 2015) (concluding that the thirty-day removal period was triggered by Plaintiff's Statement of Damages); *Jaback v. American Baker Co*., 2013 WL 12121126, at *3 (W.D. Wash. Aug. 29. 2013) (holding that "the 30-day removal window in this case opened when [the defendant] received [Plaintiff's] statement of damages");

-4-
_____
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

and *Mix v. Allstate Ins. Co.*, 2000 WL 1449880, at *2 (C.D. Cal. Apr. 19, 2000).

13.     Accordingly, based on Plaintiff's $400,000+ Statement of Damages claims and Plaintiff's $150,000 settlement demand, I strongly believe that the amount in controversy clearly exceeds $75,000.

14.     This Court has original jurisdiction over the subject matter of this action under the provisions of Section 1332 of Title 28 of the United States Code in that there is complete diversity between the parties and more than $75,000 in controversy, exclusive of interest and costs.  Pursuant to Section 1441 of Title 28 of the United States Code, TARGET is therefore entitled to remove this action to this Court.

15.     Thirty days have not elapsed since Defendant was served with the Summons and Complaint in this action.  A copy of the Summons for TARGET is attached hereto and marked as **Exhibit "A"**. Attached as **Exhibit "B"** is a copy of the Complaint. Attached as **Exhibit "C"** is a copy of Plaintiff's Civil Cover Sheet. Attached as **Exhibit "D"** is a copy of Plaintiff's Statement of Damages.  Attached as **Exhibit "E"** is a copy of the Court's Notice of Mandatory Settlement Conference.  Attached as **Exhibit "F"** is a copy of the Court's Notice of Trial. Attached as **Exhibit "G"** is a copy of the Court's Alternative Dispute Resolution Information Package.  Exhibits "A"-"G" comprise all of the papers and pleadings served on TARGET CORPORATION.

16.     A true and correct copy of this Notice of Removal will be filed immediately with the Clerk of the Orange County Superior Court.

17.     DOES 1 through 100 are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction.

///

///

///

-5-
_____
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

1    Based on the foregoing, TARGET CORPORATION removes the above
2    action now pending in the Superior Court, in and for the County of Orange, as
3    Case No. 30-2020-01150791-CU-PO-CJC, to this Court.

4

5    DATED:  December 4, 2020        TRACHTMAN & TRACHTMAN, LLP

6
                                              */s/ Benjamin R. Trachtman*
7                                    By:_____
8                                         Benjamin R. Trachtman
                                          Kelli A. Trachtman
9                                         19732 MacArthur Blvd., Suite 100
10                                        Irvine, CA  92612
                                          Email:  btrachtman@trachtmanlaw.com
11                                        Telephone:  (949) 282-0100
12                                        Facsimile:    (949) 282-0111
13                                        Attorneys for Defendant TARGET
                                          CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

1
2

# PROOF OF SERVICE
## FRCP 5

3          I, Stephanie Straka, the undersigned, am over the age of 18 years and not a
4   party to this action.  I am employed with the law firm of Trachtman & Trachtman,
   LLP, whose address is 19732 MacArthur Boulevard, Suite 100, Irvine, CA
5   92612.

6          On December 4, 2020, I served the interested parties in this action with the
7   following documents:

8
9   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)
    (DIVERSITY) AND CIVIL COVER SHEET**

10  as follows:
11

| **[  ] *BY ELECTRONIC TRANSMISSION*:** | |
|---|---|
| I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office. | |

*[X]    BY MAIL:*  I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firms' practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X) placing (  ) the original (X) a true copy thereof enclosed in the sealed envelopes addressed as follows:

Brian W. Easton, Esq.
Gabriel M. Mendoza, Esq.
Mani S. Navab, Esq.
EASTON & EASTON, LLP
650 Town Center Drive, Suite 1850
Costa Mesa, CA  92626
T:  (714) 850-4590 | F:  (714) 850-1978
**Attorneys for Plaintiff Belaid Benaoudia**

-7-
_____
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 4, 2020, at Irvine, California.

*/s/ Stephanie Straka*

_____

Stephanie Straka, Declarant

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**