Case 8:20-cv-02288-FLA-KES   Document 1-2   Filed 12/04/20   Page 1 of 6   Page ID #:10
Electronically Filed by Superior Court of California, County of Orange, 07/08/2020 11:42:41 AM.
30-2020-01150791-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk.

BRIAN W. EASTON, ESQ. (Bar #179881)
GABRIEL M. MENDOZA, ESQ. (Bar #300821)
MANI S. NAVAB, ESQ. (#298829)
**EASTON & EASTON, LLP**
650 Town Center Drive, Suite 1850
Costa Mesa, CA 92626
(714) 850-4590
(714) 850-1978 [FAX]

Attorneys for Plaintiff, BELAID BENAOUDIA

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF ORANGE

UNLIMITED CIVIL          30-2020-01150791-CU-PO-CJC

| | |
|---|---|
| BELAID BENAOUDIA, | CASE NO. *Assigned to for all purposes:* Judge Charles Margines |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES:** |
| | 1. **Negligence and Premises Liability** |
| TARGET CORPORATION, and DOES 1 through 100, inclusive, | |
| Defendants. | [AMOUNT DEMANDED EXCEEDS $25,000] |

Plaintiff, BELAID BENAOUDIA, alleges:

**FIRST CAUSE OF ACTION OF BELAID BENAOUDIA,**

**AGAINST ALL DEFENDANTS FOR NEGLIGENCE AND PREMISES LIABILITY**

1.     The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues those defendants by such fictitious names and will ask leave of court to amend this complaint to substitute their true names and capacities when they are ascertained.

2.     Plaintiff is informed and believes and on this basis alleges that each of the fictitiously named defendants is responsible and liable in some manner for the events and happenings referred to herein and that their conduct proximately caused the damages sustained by Plaintiff as alleged herein, either directly through their own conduct or through the conduct of their agents, employees and associates.

**EX B - pg. 10**

3.      Plaintiff is informed and believes and on this basis alleges that at all times mentioned herein, each of the defendants was acting as the agent, servant and employee of each of the other defendants and was acting within the scope of such agency and employment.

4.      Plaintiff is informed and believes and on this basis alleges that defendants TARGET CORPORATION and DOES 1 through 25 (hereinafter collectively "TARGET") were and are corporations, partnerships, joint ventures, limited liability corporations, individuals or other business entities doing business in Orange County, California, who own, manage, supervise, control, maintain, rent, operate, lease, clean and inspect a store commonly known as TARGET located at 3750 Barranca Parkway, Irvine, CA 92606 (hereinafter "STORE").

5.      Plaintiff is informed and believes and on this basis alleges that defendants DOES 26 through 50 were and are employees, agents, inspectors, managers and supervisors for TARGET at the STORE and in doing the things alleged herein were acting within the course and scope of their agency and employment for TARGET.

6.      Plaintiff is informed and believes and on this basis alleges that defendants DOES 51 through 75 were and are employees, agents, inspectors, managers, and supervisors for TARGET at the STORE who, manage, supervise, control, maintain, inspect, clean, and are responsible for the safety and cleanliness of the floors within the STORE and in doing the things alleged herein were acting within the course and scope of their agency and employment for TARGET.

7.      Plaintiff is informed and believes and on this basis alleges that defendants DOES 76 through 100 were individuals or business entities who did some negligent act or omission to act which caused or contributed to plaintiff's injuries in some manner not currently known to plaintiff and are therefore sued herein by such fictitious names.

8.      Plaintiff is informed and believes and on this basis alleges that at all times herein mentioned, the defendants had possession, control, maintenance, operation and ownership of the STORE and that all defendants herein mentioned were responsible in some manner for the operation, repair, inspection, cleanliness, management, safety, cleaning up of spills and maintenance of the STORE premises, including the condition and safety of the aisles and walkways within the STORE.

///

9.     Plaintiff is informed and believes and on this basis alleges that at all times herein mentioned the common walkways in the STORE are made of a hard, smooth, shiny, light-colored and glossy surface that becomes very slippery when liquids or GRAPESs are spilled on it.  This type of smooth, hard surface creates an increased slipping hazard when liquids, products such as grapes or GRAPESs are spilled on or tracked onto it, because the surface becomes more slippery than other types of surfaces that could have been installed in the STORE.  The defendants could have chosen carpeted floor or a rougher, more porous, non-slip surface for the floors of the STORE, such that the surface would not create as much of a slipping hazard when liquids were spilled on or tracked on it. Additionally, the light colored, shiny surface of the floors makes it very difficult for patrons to spot any clear liquids or GRAPESs that have been spilled on the floor.  Defendants could have also chosen a different color for the floors that would allow spills and slipping hazards to be more visible to patrons. Instead, the defendants chose to install a smooth, light colored, shiny, hard floor that provided them the benefits of an attractive, durable, easy-to-clean surface, but which also presented an increased risk of a slipping hazard when liquid or GRAPES was spilled on or tracked on it, and which presented the increased risk that such hazards would not be visible to patrons.  In doing so, the defendants took upon themselves the increased duty to frequently inspect for and protect against this increased risk of slipping hazards in the STORE.

10.    Plaintiff is informed and believes and on this basis alleges that on or about October 30, 2018, all defendants negligently and carelessly allowed an unreasonable risk of harm to exist at the STORE.  The unreasonable risk of harm at the STORE consisted of grapes from the STORE's produce section that had been spilled, dropped, and allowed to accumulate on the floor in the common walkway of the produce aisle in the STORE.  These grapes (hereinafter referred to as "GRAPES") on the floor of the STORE made the floor extremely slippery and a dangerous trap for persons while patronizing the STORE and walking along the aisle, in that the spilled GRAPES was slippery enough to cause patrons to slip and suffer injury. Additionally, the GRAPES could not be readily noticed by a person patronizing the STORE because the GRAPES were difficult to see on the shiny, light-colored floor in the common walkway of the STORE.  At no time did the defendants warn of this condition or abate it, such as by posting warning cones, timely inspecting or sweeping or mopping the floor, or by taking any

1  steps to protect the Plaintiff from this unreasonable risk of harm until after Plaintiff fell. (This set of
2  conditions is hereinafter referred to as the "UNREASONABLE RISK OF HARM".) The
3  UNREASONABLE RISK OF HARM created a dangerous trap on the common walkway of the STORE
4  in that it could not be readily noticed or recognized and could cause a person's shoe to slip and cause
5  that person to slip and fall. Defendants knew and intended for customers to walk on the common
6  walkway in the area where the UNREASONABLE RISK OF HARM was and step in the area where
7  the GRAPES were spilled, and it was foreseeable that a person walking on the common walkway of the
8  STORE would not recognize the UNREASONABLE RISK OF HARM created by the GRAPES on the
9  floor and would step into it and slip and fall and be injured. The UNREASONABLE RISK OF HARM
10  was not reasonably apparent to patrons of the STORE.

11      11.  Defendants had notice of the UNREASONABLE RISK OF HARM because defendants
12  or their agents created this condition, defendants allowed this condition to exist, defendants knew that
13  the condition created a potential slipping hazard, and this condition had existed for a sufficient amount
14  of time that through reasonable diligence and inspections defendants should have noticed it, recognized
15  its dangerous condition, and removed the GRAPES or taken other reasonable measures to protect the
16  public from this UNREASONABLE RISK OF HARM. The GRAPES that caused plaintiff to slip and
17  fall had been on the STORE floor for a sufficient amount of time that the defendants should have
18  noticed it through reasonable diligence and inspections. It was reasonably foreseeable that a person
19  walking in the common walkway of the STORE would not notice the GRAPES on the floor or
20  appreciate the dangerous condition this presented and step into it and slip and fall and be injured as
21  hereinafter alleged. Despite this foreseeability, defendants failed to take reasonable measures to protect
22  the public from this UNREASONABLE RISK OF HARM on the common walkway of the STORE.

23      12.  Defendants negligently and carelessly allowed this UNREASONABLE RISK OF
24  HARM to exist on the floor by permitting this condition to exist for a significant period of time, failing
25  to warn of the existence of the GRAPES, failing to barricade or put delineators or warning cones
26  around the GRAPES, failing to keep the floor in a safe condition, failing to conduct more frequent
27  safety inspections, especially during peak business hours, failing to have a nonslippery floor, failing to
28  properly clean up the GRAPES after it was spilled, failing to properly inspect the floor at the STORE to

1 | locate and clean up the GRAPES, and failing to take other reasonable precautionary measures to create
2 | a safe walking surface in the STORE.

3 |      13.    On or about October 30, 2018, Plaintiff was at the STORE premises to confer a business
4 | advantage on the defendants. As such, Plaintiff was a business invitee. At that time and place, Plaintiff
5 | was walking in or around the produce aisle at the STORE and Plaintiff was unaware of the spilled
6 | GRAPES on the floor and the UNREASONABLE RISK OF HARM created thereby. While Plaintiff
7 | was doing his grocery shopping he began walking in the aisle in a reasonable manner when Plaintiff fell
8 | prey to the UNREASONABLE RISK OF HARM and slipped on the GRAPES on the floor of the
9 | STORE, which caused him to slip and fall and sustain the injuries and damages as hereinafter
10 | described.

11 |      14.    As a direct and legal cause of the negligence of each of the defendants and the
12 | UNREASONABLE RISK OF HARM at the STORE, Plaintiff was injured in his health, strength and
13 | activity, sustaining permanent bodily injury and damage and shock to her mental and nervous system,
14 | which injuries have caused and continue to cause Plaintiff great physical, emotional and mental pain
15 | and suffering, all to Plaintiff's damage in an amount according to proof at trial.

16 |      15.    As a direct and legal cause of the negligence of each of the defendants and the
17 | UNREASONABLE RISK OF HARM at the STORE, Plaintiff has incurred and will continue to incur
18 | medical, hospital, nursing, attendant and related expenses all to Plaintiff's damage in an amount
19 | according to proof at trial.

20 |      16.    As a direct and legal cause of the negligence of each of the defendants and the
21 | UNREASONABLE RISK OF HARM at the STORE, Plaintiff has suffered a loss or diminution of her
22 | time and income, all to Plaintiff's damage in a sum according to proof at trial.

23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

**EX B - pg. 14**

WHEREFORE, Plaintiff prays for damages:

1.  For non-economic damages in a sum according to proof at trial;

2.  For reimbursement of Plaintiff's medical, hospital, nursing, attendant and other related expenses in a sum according to proof at trial;

3.  For reimbursement of Plaintiff's loss of income and the value of her time in a sum according to proof at trial;

4.  For costs of suit incurred herein;

5.  For prejudgment interest pursuant to Civil Code §3291;

6.  For such other relief as the court deems just and proper.

Dated: July 8, 2020                          EASTON & EASTON, LLP

                                             By: _____
                                                 BRIAN W. EASTON
                                                 GABRIEL M. MENDOZA
                                                 MANI S. NAVAB
                                                 Attorneys for Plaintiff,
                                                 BELAID BENAOUDIA